996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky I. MEEKS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-6306.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1993.
 
 1
 Before NELSON and SUHRHEINRICH, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Counsel for the parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This is an appeal from the order of the district court affirming the Secretary's denial of disability benefits under the Social Security Act. In 1989, Ricky Meeks filed an application for Social Security disability benefits in which he claimed that he suffered from a disabling mental condition. The claim was initially denied and then set for a hearing before an administrative law judge (ALJ). The ALJ found that Meeks was under a disability since March 8, 1989, but not prior to that date. On review, the Appeals Council subsequently agreed with the ALJ so that the decision of the ALJ became the final decision of the Secretary.
 
 
 4
 Meeks then sought review of the Secretary's decision in the district court pursuant to 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who recommended that the Secretary's decision be affirmed. The district court adopted the recommendation over Meeks's objections and this appeal followed. The parties have briefed the issues through counsel.
 
 
 5
 Meeks, a former pipefitter and millwright, has not worked since November 1975. His insured status for disability benefits expired on December 31, 1980, nine years before he filed for disability benefits. He is presently suffering from a disabling mental condition, namely, a combination of a dysthymic disorder (a mood disorder characterized by depressed feeling) and a paranoid personalty disorder. The ALJ found that, although Meeks was disabled on the filing date of his claim, there was insufficient evidence to show that Meeks was disabled as of the last date he was insured under the Act. The Appeals Council declined to review this finding, after considering new evidence submitted by Meeks, without issuing a new opinion.
 
 
 6
 Meeks's first appellate argument concerns the failure of the Appeals Council to complete a Psychiatric Review Technique Form (PRTF) when it declined to review the ALJ's decision. This form, discussed in 20 C.F.R. § 404.1520a, provides a systematic method for working through psychological disability questions. Meeks argued in the district court that the Appeals Council's failure to complete a new PRTF mandated a remand. 20 C.F.R. § 404.1520a(d) provides, however, that the Appeals Council is required to prepare a new PRTF only when it actually issues a decision. An Appeals Council order denying review is not, however, a reviewable order; such an order serves only to make the decision of the ALJ the final reviewable decision of the Secretary. 20 C.F.R. § 404.955. Therefore, under any construction of 28 U.S.C. § 405(g), the failure of the Appeals Council to complete a PRTF cannot be reversible error.
 
 
 7
 Counsel for Meeks also contends that the decision of the Secretary concerning the onset date of the disability lacks support in the record or law. Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching his conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). If supported by substantial evidence, the Secretary's decision must be affirmed even if a reviewing court would decide the matter differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 8
 The evidence before the ALJ supports his findings. The ALJ noted that there is an almost total absence of medical documentation of Meeks's condition prior to 1980. In addition, the relevant medical histories reflect nothing from which the ALJ could reasonably conclude that Meeks's disability pre-dated the examinations by the nine to fourteen year period claimed. Meeks's argument with respect to the post-hearing affidavits is equally unavailing. It is apparent that the post-hearing evidence consists mainly of recorded recollections of acquaintances and Meeks. This evidence is at best inconclusive and cannot be said to be more probative or persuasive than the other medical evidence.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, U.S. District Judge for the Eastern District of Michigan, sitting by designation